UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

```
-------------------------------------------------------x
MILTON CAYETTE,                           :
an individual,                            :   CASE NO.:
                                          :
          Plaintiff,                      :
                                          :   Judge:
vs.                                       :
                                          :
                                          :   Magistrate:
                                          :
MIKE M. MARCELLO, INC.,                   :
                                          :
                                          :
                                          :
          Defendant.                      :
-------------------------------------------------------x
```

## COMPLAINT

Plaintiff, MILTON CAYETTE, by and through his undersigned counsel, hereby files this Complaint and sues MIKE M. MARCELLO, INC. (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, MILTON CAYETTE, (hereinafter referred to as "MR. CAYETTE"), is a resident of St. James Parish, Louisiana. MR. CAYETTE resides at 8185 Highway 18, St. James, Louisiana.

4. MR. CAYETTE is a qualified individual with a disability under the ADA. MR. CAYETTE

1

is afflicted with an amputated left leg below the knee.

5. Due to his disability, MR. CAYETTE is substantially impaired in several major life activities and requires a wheelchair or walker for mobility. Specifically, MR. CAYETTE is unable to walk, stand, or use his legs without assistance.

6. Upon information and belief, DEFENDANT is a corporation incorporated in the State of Louisiana and doing business in St. James Parish.

7. Upon information and belief, DEFENDANT is domiciled at 11111 E. Bayou Road, Donaldsonville, LA 70346.

8. Upon information and belief, DEFENDANT is the owner of the real properties and improvements that are the subject of this action, to wit: The Casino and Restaurant located at 10560 Hwy 70 W, St. James, Louisiana 70086. (hereinafter referred to as "the Property").

9. DEFENDANT is obligated to comply with the ADA.

10. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, St. James Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

11. MR. CAYETTE realleges and reavers Paragraphs 1 - 10 as if they were expressly restated herein.

12. The Property is a place of public accommodation, subject to the ADA, generally located at: 10560 Hwy 70 W, St. James, Louisiana 70086

13. Upon information and belief, MR. CAYETTE has visited the Property numerous times and desires to visit the Property again in the near future. MR. CAYETTE lives approximately six (6) miles from the Property.

14. MR. CAYETTE'S most recent visit to the Property prior to filing this original Complaint was in September of 2015 ("the Visit").

15. During the Visit, MR. CAYETTE experienced serious difficulty accessing the goods and utilizing the services offered at the Property due to the architectural barriers which exist at the Property.

16. MR. CAYETTE continues to desire to visit the Property and to purchase the food and utilize the gaming machines offered at the Property, but he continues to experience serious difficulty due to the barriers discussed below in Paragraph 20 which still exist.

17. MR. CAYETTE intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subject of this action.

18. MR. CAYETTE has visited the Property numerous times in the past and desires to visit the Property again in the near future, as an patron, guest, and ADA tester.

19. MR. CAYETTE also intends on traveling to the Property in the near future to see if the barriers to access described in Paragraph 20 still exist or have been modified .

20. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and the Property is not accessible due to, but not limited to the following barriers which presently exist at the Property:

    I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS

ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

A. The service counter inside the Lucky Dollar Casino at the Property is impermissibly high;

B. The lavatory in the accessible-designated men's toilet room at the Lucky Dollar Casino does not have the required toe clearance;

C. The bottom reflective surface of the mirror in the accessible-designated men's toilet room at the Lucky Dollar Casino is impermissibly high off of the finished floor;

D. There are steps into the entrance of the Chuck Lee's Chinese Kitchen that prevent access for wheelchair users;

E. There are steps leading from the Lucky Dollar Casino into the Chuck Lee's Chinese Kitchen that prevent access for wheelchair users;

F. The access aisle at one of the accessible-designated parking spaces at the Property is less than the required 60 inches in width;

G. One of the accessible-designated parking spaces at the Property does not have a required access aisle at all; and

H. Other current mobility-related barriers and violations of the Americans with Disabilities Act to be identified after a complete inspection of the Property.

21. MR. CAYETTE continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph 20 are removed.

22. MR. CAYETTE intends to and will visit the Property to utilize the goods and services in the future, but fears that that DEFENDANT will continue to discriminate against him by failing to modify the barriers at the Property.

23. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

24. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

25. Upon information and belief, removal of the barriers to access located on the Property would provide MR. CAYETTE with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

26. Independent of his intent to return as a patron to the Property, MR. CAYETTE additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

27. MR. CAYETTE has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. CAYETTE is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. CAYETTE demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A. That this Court declare that the Property owned, leased, and/or operated by DEFENDANT is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. CAYETTE; and

D. That this Court award such other and further relief as it deems necessary, just and proper.

    Respectfully Submitted,

    THE BIZER LAW FIRM
    Attorneys for Plaintiff
    Andrew D. Bizer (LA # 30396)
    andrew@bizerlaw.com
    Garret S. DeReus (LA # 35105)
    gdereus@bizerlaw.com
    Amanda K. Klevorn
    aklevorn@bizerlaw.com (LA # 35193)
    3319 St. Claude Ave.
    New Orleans, LA 70117
    T: 504-619-9999; F: 504-948-9996

By:/s/ Garret S. DeReus
    Garret S. DeReus